USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 1/28/2026 _____

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ATLANTIC OCEANIC LLC,

                Petitioner,

      -against-

FLEETZERO INC.,

                Respondent.

25-CV-10290 (MMG)

**<u>ORDER</u>**

---

MARGARET M. GARNETT, United States District Judge:

Petitioner Atlantic Oceanic LLC ("Atlantic") is a maritime services company. Dkt. No. 1-1 ¶ 5.  Respondent Fleetzero, Inc. ("Fleetzero") is the former owner of a vessel called "M/V ATLANTIC JOULE" (the "Vessel"). Dkt. No. 1 ¶ 4.  On March 29, 2024, Atlantic and Fleetzero entered into a "bareboat charter" agreement in which the parties agreed that Fleetzero would deliver the Vessel to Atlantic. *Id.*  Fleetzero alleges that, following the Vessel's delivery, Atlantic repeatedly breached the charter agreement. *Id.*  On March 5, 2025, as a result of Atlantic's alleged violations, Fleetzero terminated the charter and demanded the return of the Vessel. *Id.*; Dkt. No. 1-1 ¶ 7.

In response, Atlantic commenced arbitration proceedings. Dkt. No. 1 ¶ 4.  A two-day hearing was held before a panel of maritime arbitrators. *Id.* ¶ 5.  The panel issued a Partial Final Arbitration Award on April 9, 2025. *Id.*  In its ruling, the panel found that Fleetzero properly terminated the charter and was entitled to the Vessel's return. *Id.*  Following the issuance of the Partial Final Arbitration Award, both parties made submissions as to damages. Dkt. No. 1-1 ¶¶ 12–14.  On October 1, 2025, Atlantic requested that the panel hold an evidentiary hearing "if the panel viewed disputed valuation issues as material." *Id.* ¶ 16.  The panel did not hold an evidentiary hearing.  Instead, on October 28, 2025, the panel issued its Final Award, granting Fleetzero $4,157,724.59 in damages. *Id.* ¶ 20.

On November 4, 2025, Fleetzero initiated an action in the Western District of Louisiana (the "Louisiana Action") seeking (1) confirmation of the arbitration award and (2) leave to seize two other ships owned by Atlantic as security pending confirmation and enforcement of the arbitration award. Dkt. No. 7-1 at 8.  On November 25, 2025, Fleetzero filed a motion to confirm the arbitration award in the Louisiana Action. Dkt. No. 8 at 2.  The court in the Louisiana Action initially provided an *in rem* seizure warrant for the two ships owned by Atlantic, but subsequently vacated that warrant on December 23, 2025. Dkt. No. 12 at 4.

On November 27, 2025, Atlantic filed a petition to vacate the damages portion of the arbitration award in New York State court. Dkt. No. 1-1.  On December 11, 2025, Fleetzero removed the action to this Court. Dkt. No. 1.  On December 17, 2025, Fleetzero moved to transfer this case to the Western District of Louisiana. Dkt. Nos. 6–8.  Atlantic opposed the

1

motion on December 31, 2025, Dkt. Nos. 11 & 12, and Fleet Zero filed a reply on January 7, 2026, Dkt. No. 13.  Fleetzero's motion to transfer is currently before the Court.

A party seeking to transfer venue bears the burden of establishing the case for transfer by "clear and convincing evidence."  *N.Y. Marine & Gen. Ins. Co. v. Lafarge N. Am., Inc.,* 599 F.3d 102, 113–14 (2d Cir. 2010).[1]  Courts considering a motion to transfer conduct a two-part inquiry.  First, a court must "establish that the case could have been filed in the transferee district."  *Grant & Eisenhofer, P.A. v. Bernstein Liebhard LLP*, No. 14-CV-9839 (JMF), 2015 WL 5751252, at *3 (S.D.N.Y. Sept. 30, 2015).  Second, the court must determine whether convenience and the interests of justice favor transfer, *id.*, weighing the following factors: "(1) the plaintiff's choice of forum, (2) the convenience of witnesses, (3) the location of relevant documents and relative ease of access to sources of proof, (4) the convenience of [the] parties, (5) the locus of operative facts, (6) the availability of process to compel the attendance of unwilling witnesses, and (7) the relative means of the parties."  *New York Marine & Gen. Ins. Co.*, 599 F.3d at 112.

A party can also seek to transfer a case pursuant to the first-filed rule.  The first-filed rule provides that "[w]here there are two competing lawsuits, the first suit should have priority, absent the showing of balance of convenience or special circumstances giving priority to the second."  *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006).  "Special circumstances include manipulative or deceptive behavior on the part of the first-filing plaintiff."  *New York Marine & Gen. Ins. Co.*, 599 F.3d at 112.  As for the balance of convenience, the same factors used to determine a motion to transfer guide a court's inquiry.  *Id.*

Here, a transfer of venue to the Western District of Louisiana is warranted under the first-filed rule.  Atlantic does not dispute that Fleetzero filed the first of the parties' competing lawsuits over the same arbitration proceeding in the Western District of Louisiana.  Instead, it argues that (1) the Western District of Louisiana is not the proper venue for this case and (2) the factors relevant to determining the balance of convenience favor maintaining the action in New York.  Dkt. No. 12 at 5.  Both arguments are unavailing.

First, venue is proper in the Western District of Louisiana.  The venue statue provides that venue is proper in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated."  28 USC § 1391(b)(2).  The Vessel that is the subject of the arbitration proceeding primarily operated in the Western District of Louisiana for the pendency of the parties' charter.  Dkt. No. 13 at 10.  Thus, venue is proper in that district.  That the parties' arbitration proceedings took place in New York does not dictate a different outcome:  "The Supreme Court has held that venue for FAA cases is proper both where the award is made and in any district that is proper under the general venue statute."  *Webb v. Citigroup Glob. Markets, Inc.*, No. 19-CV-0535 (PAE), 2019 WL 4081893, at *10 (S.D.N.Y. Aug. 29, 2019) (citing *Cortez Byrd Chips, Inc. v. Bill Harbert Const. Co.*, 529 U.S. 193, 195 (2000)).

---

[1] Unless otherwise indicated, case quotations omit all internal citations, quotation marks, footnotes and omissions, and adopt alterations.

Second, Atlantic has not shown that the balance of the convenience factors weighs in favor of maintaining the action in this district.  *See Emps. Ins. of Wausau v. Fox Ent. Grp., Inc.*, 522 F.3d 271, 275 (2d Cir. 2008) (explaining that the first-filed rule applies unless the balance of the convenience factors "favors the second-filed action" or special circumstances are present). Other than the fact that the arbitration proceedings took place in New York, and that Atlantic is the Petitioner in this action, Atlantic does not point to specific reasons why the balance of the convenience factors favors this dispute being heard in New York over Louisiana, so as to outweigh the general first-filed rule.  Additionally, Fleetzero points out that at least some witnesses in this case reside in the Western District of Louisiana.  Dkt. No. 13 at 11.  The balance of the convenience factors thus does not suggest that this action should remain here while a prior action between the same parties, concerning essentially the same events and facts, proceeds in the Western District of Louisiana.  *See Emps. Ins. of Wausau*, 522 F.3d at 275 ("[A]n even or inconclusively tilted 'balance of convenience' would ordinarily support application of the first-filed rule.") (quoting *Columbia Pictures Indus., Inc. v. Schneider,* 435 F.Supp. 742, 751 (S.D.N.Y.1977)).

## CONCLUSION

For the reasons set forth above, the motion to transfer (Dkt. No. 6) is GRANTED, and the Clerk of Court is respectfully directed to TRANSFER this case to the Western District of Louisiana forthwith.  All conferences and deadlines set in this District are cancelled.

Dated: January 28, 2026
       New York, New York

SO ORDERED.

MARGARET M. GARNETT
United States District Judge

3